Harry S. Stern (SBN 176854)
Peter A. Hoffmann (SBN 254354)
**RAINS LUCIA STERN, PC**
2300 Contra Costa Blvd., Suite 230
Pleasant Hill, CA 94523
Tel: (925) 609-1699
Fax: (925) 609-1690
Email: phoffmann@rlslawyers.com

William B. Aitchison (SBN 90642)
**AITCHISON & VICK, INC.**
3021 NE Broadway
Portland, OR 97232
Tel: (503) 282-6160
Fax: (503) 282-5877
Email: will@aitchisonvick.com

Attorneys for Plaintiff:
KEVIN MARTIN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KEVIN MARTIN**<br><br>v.<br><br>**CITY OF RICHMOND** | Case Number: C 06 6146 CRB<br><br>**STIPULATION AND ORDER CONDITIONALLY CERTIFYING THE ACTION FOR LITIGATION AS A COLLECTIVE ACTION; AND SPECIFYING RELATED PRETRIAL AND TRIAL ISSUES** |

WHEREAS, this case is brought by approximately 137 plaintiffs and consenters (hereafter collectively "plaintiffs") who are or were employed by the City of Richmond (hereafter "the City") as sworn police officers in the Richmond Police Department; and

///

///

---

Stipulation and Order Conditionally Certifying
the Action for Litigation as a Collective Action

USDC Case No. C 06 6146 CRB

1    WHEREAS, plaintiffs allege that the City has violated the Fair Labor Standards Act
2  (hereafter "FLSA"), 29 U.S.C. § 201, *et seq*., by failing to compensate for work as required by
3  the FLSA; and

4    WHEREAS, the parties have agreed that the matter may be conditionally certified as a
5  collective action pursuant to 29 U.S.C. § 216(b) for purposes of discovery and trial, as more
6  specifically articulated herein; and

7    WHEREAS, this stipulation contains the agreed-upon methodology for discovery and
8  trial, in light of the numerous plaintiffs participating in this action; and

9    WHEREAS, all parties agree to be bound by the terms of the stipulation and order;

10    NOW, THEREFORE, THE PARTIES AGREE AS FOLLOWS:

11    1.    This stipulation certifies various claims subgroups which the plaintiffs represent
12  comprise similarly situated plaintiffs with respect to their FLSA claims.  The FLSA claims
13  consist of those identified in plaintiff's First Amended Complaint – i.e., (1) "donning and
14  doffing" police uniforms and required safety/protective equipment; (2) uniform and equipment
15  maintenance (including firearms); and (2) vehicle maintenance.

16    2.    Pursuant to this stipulation, plaintiffs and the City agree that this matter shall
17  proceed on a representative basis.  The parties shall select representative plaintiffs for each claim
18  subgroup by July 17, 2009, pursuant to the following framework:

19
20    ▪ Donning and Doffing – Kevin Martin and six (6) additional representative
      plaintiffs;

21    ▪ Uniform and Equipment Maintenance - Kevin Martin and six (6) additional
22      representative plaintiffs;

23    ▪ Vehicle Maintenance – three (3) representative plaintiffs;

24  Thus, in additional to named plaintiff Kevin Martin, the parties shall select a total of fifteen (15)
25  representative plaintiffs.  The selection shall be through a mutually-agreed upon random
26  selection process.  The list of plaintiffs' claims provided to the City on March 30, 2009 shall
27  establish which plaintiffs are making which claims for purposes of this random selection process.

28

---

3.      The City shall be entitled to propound all discovery mechanisms, including interrogatories, requests for admissions, requests for production, and take depositions of, each representative plaintiff, subject to the limitations and requirements set out in the Federal Rules of Civil Procedure.  The discovery addressed to representative plaintiffs shall be confined to discovery reasonably calculated to lead to the discovery of admissible evidence related to the claim(s) for which that plaintiff serves as a representative.  Nothing in this stipulation shall be construed to limit the City to the ten deposition limit in the Federal Rules.

4.      Plaintiffs shall be permitted to take up to ten depositions, in addition to the depositions of any experts or 30(b)(6) witnesses designated by the City.  Except as provided herein, the City shall not be entitled to take any discovery with respect to plaintiffs who are not designated as representative plaintiffs.  The City shall be permitted to take the depositions of all experts designed by the plaintiffs, and the deposition of named plaintiff Kevin Martin.  In addition, the City may take the deposition of the person(s) most knowledgeable regarding labor relations for the Richmond Police Officers' Association.

5.      If a representative plaintiff does not participate in discovery, the parties agree to submit the judge the issue of what, if anything, should occur with respect to the replacement of that representative plaintiff and any other issues either the plaintiffs or the City may wish to raise arising out of the representative plaintiff's refusal to participate in discovery.  If a selected representative refuses to participate in discovery, the City will request dismissal of the subgroup claim, contempt sanctions to be imposed on the individual or other remedy.  Plaintiffs will take the position that the remedy should be substitution of another plaintiff for the representative who has not participated in discovery.

6.      The parties will be bound at trial for liability purposes by the testimony of the representative plaintiffs, and the testimony of the representative plaintiffs will apply to all class members.  Nothing in this agreement shall limit the City's right to present rebuttal evidence pertaining to the representative plaintiffs at trial or for any other purposes with respect to establishing liability.  For damages purposes, the City and the plaintiffs will attempt to agree upon a method for dealing with damages calculations.  Nothing in this stipulation shall be

construed to preclude discovery on damages pursuant to a subsequently agreed upon method. Should the parties be unable to agree upon a method of discovery on damages, the matter will be submitted to the Court.  The parties reserve their rights regarding whether the issue of damages shall be bifurcated for trial.

       7.      Nothing in this agreement is a waiver of the right held by the City to file a motion requesting that the Court decertify any claim subgroup in this action if the City believes the plaintiffs in any claim subgroup are not similarly situated for purposes of the FLSA or for other good cause.  Nothing in this agreement is a waiver of the right of the plaintiffs to object to and oppose any effort by the City to certify any claim subgroup.  All claims and defenses in this action are expressly reserved.

       8.      Any party may apply to the Court for an amendment to any provision herein, based upon a showing of good cause.

Dated:  June 22, 2009              RENNE SLOAN HOLTZMAN SAKAI LLP

By:_____**/s/  Steve Cikes**_____

Steve Cikes
Attorney for Defendant City of Richmond

Dated:  June 22, 2009              RAINS LUCIA STERN, PC

By:_____**/s/  Peter Hoffmann**_____

Peter Hoffman
Attorney for Plaintiff Kevin Martin

**IT IS SO ORDERED.**

Dated:_____June 22__, 2009

_____
The Honorable Charles R. Breyer
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
IT IS SO ORDERED
Judge Charles R. Breyer