Harry S. Stern (SBN 176854)
Peter A. Hoffmann (SBN 254354)
RAINS LUCIA STERN, P.C.
2300 Contra Costa Blvd., Suite 230
Pleasant Hill, CA 94523
Tel: (925) 609-1699
Fax: (925) 609-1690
Email: phoffmann@rlslawyers.com

William B. Aitchison (SBN 90642)
Breanne M. Sheetz (*pro hac vice*)
AITCHISON & VICK, INC.
3021 NE Broadway
Portland, OR 97232
Tel: (503) 282-6160
Fax: (503) 282-5877
Email: will@aitchisonvick.com

Attorneys for Plaintiffs
Kevin Martin and All Consenters

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RICHMOND<br><br>Defendant. | Case Number: C-06-6146 CRB<br><br>**STIPULATION FOR DISMISSAL WITH PREJUDICE AND FOR ENTRY OF JUDGMENT; [PROPOSED] ORDER APPROVING STIPULATION AND DISMISSAL WITH PREJUDICE** |

Whereas, Kevin Martin and other Richmond Police Department personnel (collectively referred to as "Plaintiffs") filed a complaint in the U.S. District Court for the Northern District of California on or about September 29, 2006, entitled, *Kevin Martin v. City of Richmond*, Case No. C 06 6146 CRB ("Lawsuit") against the City of Richmond for violation of the Fair Labor

1

Standards Act ("FLSA"), alleging that the City had failed to pay the appropriate amount of FLSA overtime compensation;

Whereas, each Plaintiff who opted into this lawsuit has already signed a "Consent to Join Action (Fair Labor Standards Act, 29 USC § 216(b))" and has not withdrawn his or her consent to this date;

Whereas, all parties desire to fully resolve this matter and to avoid further uncertainty, expense, and delay incident to the litigation of this matter;

Whereas, all parties have agreed to the terms of the attached "Settlement Agreement and General Release of Claims", attached hereto as Exhibit A;

Whereas, the parties agree that this settlement is a resolution of disputed matters and is not, in any way, an admission of liability, fault or wrongdoing on the part of any party;

Whereas, on January 20, 2010, this Court issued the attached Order of Dismissal based upon the parties' statement to the Court that a tentative settlement agreement had been agreed upon, attached hereto as Exhibit B;

IT IS HEREBY STIPULATED, by and between the parties of this action and through their designated legal counsel, that the above-captioned action will be disposed of as follows:

1. That the Court order that this action be dismissed with prejudice in its entirety as to all parties pursuant to Federal Rule of Civil Procedure 41(a)(2) based upon the terms and conditions stated in the attached Settlement Agreement and General Release of Claims;

2. That each Plaintiff must sign a document evidencing his or her agreement to both this "Stipulation for Dismissal with Prejudice and for Entry of Judgment" and the "Settlement Agreement and General Release of Claims" before the Plaintiff can receive any wage payment due under the "Settlement Agreement and General Release of Claims";

3. That any action to enforce the attached Settlement Agreement and General Release of Claims be brought in the U.S. District Court for the Northern District of California; and

///

///

2
STIPULATION FOR DISMISSAL WITH PREJUDICE AND FOR ENTRY OF JUDGMENT;
[PROPOSED] ORDER APPROVING STIPULATION AND DISMISSAL WITH PREJUDICE

4. That the Clerk of the Court enter final judgment dismissing this action with prejudice in its entirety.

Dated: March 4, 2010

FOR THE PLAINTIFFS

_____
Kevin Martin, Named Plaintiff

Dated: March 3, 2010

CITY OF RICHMOND

_____
Bill Lindsay, City Manager

Approved as to Form and Content

Dated: March 2, 2010

RENNE, SLOAN, HOLTZMAN & SAKAI

_____
Steve Cikes
Tim Yeung
Attorneys for Defendant City of Richmond

Dated: March 5, 2010

RAINS LUCIA STERN, PC

_____
Peter A. Hoffmann
Attorneys for Plaintiffs Kevin Martin, *et al.*

# [PROPOSED] ORDER APPROVING STIPULATION AND DISMISSAL WITH PREJUDICE

The Court having considered the parties' stipulation submitted herein and good cause appearing therefore, IT IS HEREBY ORDERED.

1. That his action is dismissed with prejudice in its entirety as to all parties pursuant to Federal Rule of Civil Procedure 41(a)(2) based upon the terms and conditions stated in the Settlement Agreement and General Release of Claims;

2. That any action to enforce the parties' Settlement Agreement and General Release of Claims be brought in the U.S. District Court for the Northern District of California; and

3. That the Clerk of the Court enter final judgment dismissing this action with prejudice in its entirety.

**IT IS SO ORDERED.**

Dated: March _9_, 2010



_____
THE HONORABLE CHARLES R. BREYER
United States District Judge

**EXHIBIT A**

# SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

This Settlement Agreement and General Releaseof Claims ("Agreement") is made and entered into by and between the City of Richmond ("City"), Kevin Martin and other Plaintiffs who have consented to join and who have not withdrawn their consent (collectively, "Plaintiffs"), with reference to the following facts (the City and the Plaintiffs are collectively referred to herein as the "Parties"):

## RECITALS

A. Whereas, Plaintiffs are or were employed by the City in the Richmond Police Department; and

B. Whereas, on September 29, 2006, Plaintiff Kevin Martin filed an action in the United States District Court for the Northern District of California captioned KEVIN MARTIN v. CITY OF RICHMOND, Case No. C 06 6146 CRB (the "Action"), on behalf of himself and others similarly situated, alleging violations of the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*, "FLSA"); and

C. Whereas, the persons identified on the attached Exhibit A signed a Consent to Join Action form, agreeing to join in the Action as a Plaintiff, and have not withdrawn their consent to date; and

D. Whereas, Plaintiffs' Complaint seeks recovery of allegedly unpaid overtime compensation, interest, liquidated damages, a one-year extension of the statute of limitations, attorneys' fees and costs; and

E. Whereas, the City filed an Answer to the Complaint denying its material allegations and asserting affirmative defenses thereto; and

F. Whereas, the Plaintiffs' claims are in all respects controverted, including the claims regarding the applicability of the FLSA to the facts as alleged in the Complaint, as well as the applicable level of compensation, and all other claims, allegations and requests for damages; and

G. Whereas, the Plaintiffs and the City have vigorously litigated this case, engaging in substantial discovery and motion practice;

H. Whereas, the Parties have engaged in extensive negotiations in an attempt to resolve their differences, and throughout these negotiations all Parties were, and continue to be, represented by counsel experienced in wage and employment matters; and

I. Whereas, the Parties wish to avoid the potential uncertainty, expense and delay of further litigation and have therefore, based upon their extensive negotiations, agreed to a settlement of the dispute; and

J. Whereas, as a result of their negotiations, the Parties want to settle the Action and resolve and release all disputes and claims arising out of the Action against the City; and

K. Whereas, the Parties want to enter into this Agreement as hereinafter set forth:

**NOW THEREFORE**, in consideration for the mutual promises and undertakings of the Parties as set forth below, Plaintiffs and the City hereby enter into this Agreement and agree as follows:

1. Recitals. The recitals set forth in this Agreement are true and correct and are hereby fully incorporated by reference into this Agreement. This Agreement affects claims and demands which are disputed, and by executing this Agreement, no Party admits or concedes any of the claims, defenses, or allegations which were raised or could be raised by any other party or any third party. Each Party expressly denies liability for any and all claims or demands. The Parties acknowledge that this is a compromise settlement of a disputed claim or claims. Moreover, neither this Agreement, nor any part of this Agreement, shall be construed to be, nor shall be, admissible in any proceeding as evidence of, or as an admission by, any Party of any violation of law or any wrongdoing whatsoever. This document may be introduced in a proceeding to enforce the terms of the Agreement.

2. Settlement Terms.

(a) Attorneys' Fees and Costs. The City shall make two separate payments to the law firm of Rains Lucia Stern, PC ("Law Firm"), as separate checks, for attorneys' fees and reimbursement of litigation expenses. The first payment in the amount of $58,550.00 shall be made within 30 days of the Court's final approval of this Agreement. The second payment, in the amount of $58,550.00, shall be made on or before October 1, 2010. Except as provided here, each party will bear its own attorneys' fees and costs.

(b) Compensation to Plaintiffs. In addition to the payments described in paragraph 2(a), the City shall make two separate payments to Plaintiffs ("Wage Payments"), less any applicable withholdings for state and federal taxes. The first payment shall be made within 30 days of the Court's final approval of this Agreement; the second payment shall be made on or before October 1, 2010; the total sum of those payments shall be $232,900.00. The Wage Payments represent the agreed upon amount for all compensation allegedly owed to Plaintiffs including any potential liquidated damages, a one-year extension of the statute of limitations, interest, and any and all other damages and/or relief potentially recoverable in the Action, with the exception of attorneys' fees, for the full liability period in this Action. The City shall issue each payment to each Plaintiff as separate checks in the amount of $850.00, less all appropriate payroll deductions and withholdings. The total amount of all payments by the City to Plaintiffs and the Law Firm shall not exceed $350,000.00. Each Plaintiff acknowledges that

neither the City, nor any of its representatives or attorneys have made any promise, representation or warranty, express or implied, regarding the tax consequences of any amounts paid pursuant to this Agreement.

(c) Payment of the sums described in paragraphs 2(a) and 2(b) are contingent on the Court's approval of the "Stipulation for Dismissal With Prejudice and For Entry of Judgment; Order Approving Stipulation and Dismissal with Prejudice" ("Stipulation and Order") attached as Exhibit B; and

(d) Resolution of the Action. Each of the Plaintiffs agrees to dismiss, with prejudice, the Action, and to withdraw or dismiss any other complaint, claim, grievance or charge for alleged FLSA violations or any other alleged failure to pay overtime that he or she has filed against the City up to the date this Agreement is executed. This Agreement extends to any such complaint, claim, grievance or charge for any FLSA violation or any other alleged failure to pay overtime filed in any state or federal court, with any administrative body, agency, board, commission, or other entity whatsoever. In order to finally and fully resolve this Action, the Parties shall jointly execute a Stipulation and Proposed Order, requesting that the Court approve this Agreement and authorize the dismissal of this Action. The Parties shall submit the Stipulation and Proposed Order to the Court at the earliest opportunity and shall jointly request the Court to accept and approve the Stipulation and Proposed Order.

(d) Right to Appeal. Provided the Court approves the Parties' Stipulation and Order, the Parties shall waive all rights to appeal, seek to vacate or set-aside, and collaterally attack such Stipulation and Order.

(e) Release of Claims by Plaintiffs. Plaintiffs hereby, on behalf of themselves and their spouses, domestic partners, heirs, representatives, executors, agents, attorneys, administrators, successors-in-interest and assigns, irrevocably and unconditionally release and discharge the City, including its officers and employees, heirs, representatives, executors, agents, attorneys, administrators, and successors-in-interest, from any and all lawsuits, claims, actions, demands or other legal responsibilities of any kind which Plaintiffs have, or may have, against the City, its officers and employees which were asserted in the Action, or which could have been asserted based upon or related to the facts alleged in the Action. Plaintiffs expressly acknowledge that this Release includes any and all claims that Plaintiffs asserted or could have asserted based upon or related to the facts alleged in this Action, including, but not limited to, any and all claims for failure to pay overtime required under state or federal law or as provided for under any negotiated agreement between the City and the Association. Plaintiffs also acknowledge and agree that this release is an essential and material term of this Agreement and without such release, no settlement would have been reached by the Parties.

(f) Release of Unknown Claims. Plaintiffs hereby waive any and all rights or benefits that any of them may have under Section 1542 of the California Civil Code, which provides:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLMENT WITH THE DEBTOR."

Plaintiffs, and each of them, respectively, acknowledge that they understand the effect of this waiver pursuant to California Civil Code Section 1542, and that they are represented and have been advised of this release by their counsel.

(g) Acknowledgment of Release. In entering into this Agreement, Plaintiffs knowingly and voluntarily acknowledge, consent and agree to the "Notice of Employee Under the Fair Labor Standards Act" as contained in the United States Department of Labor's Receipt for Payment of Lost or Denied Wages, Employee Benefits, or Other Compensation (Form WH-58) which provides as follows: "Your acceptance of back wages due under the Fair Labor Standards Act means that you have given up any right you may have to bring suit for back wages under Section 16(b) of the Act. Section 16(b) provides that an employee may bring suit on his/her own behalf for unpaid minimum wages and/or overtime compensation and an equal amount as liquidated damages, plus attorney's fees and costs. Generally, a 2-year statute of limitations applies to the recovery of back wages. Do not sign this receipt unless you have actually received payment of the back wages due."

3. Knowledge of Parties. The Parties understand and agree to the settlement, this Agreement and the terms and conditions contained herein, and enter into this Agreement knowingly and voluntarily. Plaintiffs have been advised that they have the right to seek legal advice with respect to this Agreement, including the release, have had the opportunity to consult with counsel, and have in fact consulted with counsel of their choice. The Parties have investigated the facts pertaining to the settlement and this Agreement and all matters pertaining thereto as deemed necessary. The Parties have relied upon their judgment, belief, knowledge, understanding and expertise after consultation with their counsel concerning the legal effect of the settlement and its terms. By signing this document and the documents referred to herein, the Parties signify their full understanding, agreement, and acceptance of this Agreement.

4. Entire Agreement. This Agreement, including its exhibits, contains the entire agreement of the Parties regarding the subject matter of the Agreement and shall constitute the final understanding between the Parties hereto. All prior negotiations made or which have occurred prior to the date of this Agreement are merged into this Agreement.

5. No Additional Representations. Except for the terms of this Agreement, including its exhibits, the Parties have not relied upon any statement or representation, written or oral, made by any Party, or any of their respective agents, attorneys or any other person, regarding any manner including, but not limited to, the federal or state income tax consequences of the Agreement to any Party. The Parties expressly acknowledge and agree that they have

relied solely upon the advice of their own attorneys and/or accountants as to the tax and benefit consequences of this Agreement.

6. <u>Jurisdiction</u>. This Agreement is executed and delivered in the State of California and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with the laws of the State of California. This Agreement may be executed in counterparts. Except as provided in this Agreement, all executed copies are duplicate originals and are equally admissible in evidence.

7. <u>Warranty of Non-Assignment</u>. The Parties warrant that they have not assigned any of the claims or portions of the claims that are the subject of this Agreement.

8. <u>Binding Agreement</u>. This Agreement and all documents referred to herein shall bind and inure to the benefit of each of the Parties hereto and their spouses, domestic partners, children, heirs, estates, administrators, representatives, executors, attorneys, successors and assigns. Except as expressly provided herein, this Agreement is not for the benefit of any person not a Party hereto or any person or entity not specifically identified as a beneficiary herein or specifically identified herein as a person or entity released hereby. The Agreement is not intended to constitute a third party beneficiary contract.

9. <u>Authority to Execute</u>. Each Party hereto warrants to the other Party or Parties that he, she or it has the full power and authority to execute, deliver and perform under this Agreement and all documents referred to herein, and that any needed consent or approval from any other person has been obtained.

10. <u>Disclosure of Terms</u>. The Parties understand and consent that the City may be required to disclose the terms of this Agreement pursuant to the requirements of the Ralph M. Brown Act (Cal. Gov't Code § 54950 *et seq.*), and the provisions of any other law or regulation requiring disclosure of information by public entities.

11. <u>Duty to Act in Good Faith</u>. The Parties shall act in good faith and use their reasonable good faith efforts after the execution of this Agreement to ensure that their respective obligations hereunder are fully and punctually performed. The Parties shall promptly perform any further acts and execute and deliver any other documents or instruments that may be reasonably necessary to carry out the provisions of this Agreement. Time is of the essence in this Agreement.

12. <u>Interpretation and Construction</u>. Any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the Party or Parties preparing this document or the documents referred to herein, on the understanding that the Parties participated equally in the negotiation and preparation of this Agreement and the documents referred to herein, or have had equal opportunity to do so. The headings used herein are for reference only and shall not effect the construction of this Agreement.

13. <u>Governing Law and Venue</u>. The settlement, this Agreement, and the documents referred to herein, shall be interpreted in accordance with the laws of the State of California, and if necessary Federal law. To the extent any Party brings an action to enforce the terms of this Agreement, such action such action shall be filed and prosecuted in the United States District Court for the Northern District of California, to the extent of that court's jurisdiction.

14. <u>Breach, Waiver and Amendment</u>. No breach of this Agreement or any provision herein can be waived except by an express written waiver executed by the Party waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or other provisions of this Agreement. The Agreement may be amended, altered, modified or otherwise changed in any respect or particular only by a writing duly executed by the Parties hereto or their authorized representatives.

15. <u>Agreement Does Not Establish Precedent</u>. The Parties agree that the terms of this Agreement are binding and will not establish any precedent, nor will this Agreement be used as a basis by the Parties or anyone else to seek or justify similar terms in any subsequent case.

16. <u>Exhibits</u>. All exhibits attached to this Agreement are hereby incorporated into this Agreement as though fully set forth herein.

17. <u>Execution</u>. This Agreement, and any document referred to herein, may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument.

18. <u>Effective Date</u>. This Agreement shall become effective immediately following execution by all of the Parties, on the latest date appearing below.

**PLEASE READ CAREFULLY: This Settlement Agreement and General Release of Claims includes a release of known and unknown claims related to this Action.**

IN WITNESS WHEREOF, the Parties hereto have executed this Settlement Agreement and General Release.

Dated: March 4, 2010

By: _____
Kevin Martin, for Plaintiffs

Dated: March 3, 2010

By: _____
Bill Lindsay, City Manager, for
Defendant City of Richmond

**APPROVED AS TO FORM AND CONTENT:**

Dated: March 5, 2010

By: _____
Peter Hoffmann, Attorneys for
Plaintiffs Kevin Martin, *et al*

Dated: March 2, 2010

By: _____
Steve Cikes, Attorneys for
Defendant City of Richmond

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN MARTIN,            No. C 06-06146 CRB

    Plaintiff,              **ORDER OF DISMISSAL**

v.

CITY OF RICHMOND,

    Defendant.

---

    The parties hereto, by their counsel, having advised the Court that they have agreed to a settlement of this case,

    IT IS HEREBY ORDERED that this case be dismissed without prejudice; provided, however, that if any party hereto shall certify to this Court, within sixty days, with proof of service of a copy thereon on opposing counsel, that the agreed consideration for said settlement has not been delivered over, the foregoing Order shall stand vacated and this case shall forthwith be restored to the calendar to be set for trial.

Dated: January 20, 2010

                                                            CHARLES R. BREYER
                                                            UNITED STATES DISTRICT JUDGE